Dean, J.,
delivered the opinion of the court. The only important question in this case is, whether the defendant, in acquiring title to real estate for its roadway since the passage of the general act “ to authorize the formation of railroad corporations, and to regulate the same” (Chap. 140, Laws of 1850), is bound to pursue the method there pointed out, or whether it can follow the requirements of its charter granted in 1846, and the subsequent amendments. If the right of the Hudson River Railroad Company to acquire . land under the special provisions of its charter is taken away, it is by virtue of § 49 of the general act, which declares that “ all existing railroad corporations within this state shall respectively have and possess all the powers and privileges contained in this act; and they shall be subject to all the duties, liabilities and provisions not inconsistent with the provisions of their charter, contained in sections nine,” &c., including the sections which regulate the manner of acquiring title to property under that act, where the company and the owner cannot agree so as to obtain a conveyance, either by voluntary grant or by purchase. For these sections to apply, therefore, to the defendant’s manner . of acquiring title, they must be consistent with the provisions of the charter of the Hudson River Railroad. That is, not that they must be identical, but that, although they may differ in requiring something in addition to what was to be done before, they must not, in their requisitions, take away any of the rights to which the defendant was entitled under the charter. If they do, then the “ provisions” of the one are inconsistent with the “ provisions” of the other. The forty-ninth section of the act of 1850 cannot be held to repeal any portion of the defendant’s charter, because it does not purport to do it, and because it *307 would be contrary to the general rules of interpretation to hold that a statute conferring rights was repealed by inference. (Johnson v. Burrell, 2 Hill, 238.) But there can be no need of resorting to this rule in a case like the present, where the statute, which it is claimed effects the repeal, saves from its operation any of the provisions of the charter inconsistent with the act.
An examination of the provisions of the defendant’s charter and the general law of 1850, in reference to the mode of acquiring title to lands for the purposes oí the road, has satisfied me that there is an. inconsistency in the two systems; that by applying the act of 1850 to the defendant, some of its rights are taken away. If the provisions of the act of 1850 are to be applied to the defendant’s right to acquire title to its roadway, then the right to apply to the superior court of the city of New-York for the appointment of commissioners is taken away in all cases. The right to apply to the supreme court anywhere in the state is taken away and jurisdiction is only given to the supreme court in the judicial district where the land is situate. The twenty-eighth section of the act of 1850 is one which, by the § 49 of the same act, is made applicable to existing corporations. By the 4th subdivision of that section, companies formed under the last named act are to lay out their roads not exceeding six rods in width. This cannot be held to limit the power of corporations under charters containing no restrictions as to width of roadway, but where, as in case of the Hudson River Railroad, permission is given to take as much land as may be necessary for the purposes of the road. This section was intended to apply to the various associations formed under the act of 1848, for which the act of 1850 was a substitute. But we have an explicit legislative declaration, that the act of 1850 was not intended to compel companies chartered prior to its passage, to relinquish their prescribed method of acquiring title and adopt that of the general law. The act of 1848, for which *308 the one of 1850 is a substitute, was enacted by the same legislature that granted the amended charter of the Hudson River Railroad, and it contained this provision : “ All railroad companies that are now constructing their roads may acquire title to any lands necessary for that purpose under the provisions of this act.” This portion of the section is omitted in the act of 1850, though all the remaining part )f the section is retained, and is the one on which the plaintiffs place their light to require the defendant to pursue the provisions of the act of 1850, rather than the mode prescribed by its charter. The omission of this portion of the section, though it may not be construed into a prohibition, if a company chooses to pursue the act of 1850, is a clear legislative declaration that the right to proceed under charters before that time granted, was not taken away by the general railroad act. Without further enumerating the diversities and inconsistencies between the two systems of acquiring title, viz: that of the charter of the defendant and that provided by the act of 1850, it is enough to say' that each is perfect in itself—each is distinct—that the provisions of the general act cannot be engrafted upon the charter, leaving it entire; and, therefore, that the method prescribed by the defendant’s charter may be pursued in acquiring title to all lands necessary for the purposes of the road, and consequently that the judgment of the supreme court in this case was right and should be affirmed.
Judgment accordingly.